**Dismiss and Opinion Filed May 21, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-00044-CR
No. 05-15-00045-CR
No. 05-15-00046-CR

**TERRY ANDREW STANLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F13-40508-N, F13-40507-N, F13-40506-N**

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Myers

Terry Andrew Stanley pleaded guilty to three sexual assault of a child under the age of seventeen offenses and true to one enhancement paragraph alleged in each indictment. Pursuant to plea agreements, the trial court sentenced appellant to thirty years' imprisonment in each case.[1] The trial court imposed appellant's sentences in open court on January 17, 2014, and certified that the cases involve plea bargains and appellant has no right to appeal. *See* TEX. R. APP. P. 25.2(a), (d); *Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005). Appellant filed a pro se notice of appeal on January 6, 2015. We conclude we lack jurisdiction over the appeals.

---

[1] We note that each of the trial court's judgments contains the notation "N/A" in the section regarding the plea and the finding on the enhancement paragraph. Because we do not have jurisdiction over the appeals, we cannot correct the judgments to accurately reflect the trial court proceedings.

The records before the Court do not contain motions for new trial. Therefore, appellant's notice of appeal was due by Tuesday, February 18, 2014. *See* TEX. R. APP. P. 4.1(a), 26.2(a)(1). Appellant's January 6, 2015 notice of appeal, filed almost one year after the sentencing date, is untimely, leaving us without jurisdiction over the appeals. *See also* TEX. R. APP. P. 26.2(a) (time to file notice of appeal); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam).[2]

We dismiss the appeals for want of jurisdiction.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
150044F.U05

---

[2] The trial court's certifications regarding the plea bargain agreements also leave us without jurisdiction over the appeals. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005).

–2–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TERRY ANDREW STANLEY, Appellant

No. 05-15-00044-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F13-40508-N.
Opinion delivered by Justice Myers, Justices Fillmore and Evans participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 21st day of May, 2015.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TERRY ANDREW STANLEY, Appellant

No. 05-15-00045-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F13-40507-N.
Opinion delivered by Justice Myers, Justices Fillmore and Evans participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.


Judgment entered this 21st day of May, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TERRY ANDREW STANLEY, Appellant

No. 05-15-00046-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F13-40506-N.
Opinion delivered by Justice Myers, Justices Fillmore and Evans participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 21st day of May, 2015.